Pawlak, by guardian *ad litem,* Appellant, vs. Hayes, Respondent.

*February 5—February 22, 1916.*

*Workmen's compensation: Assignment to employer of cause of action against third person: Election between remedies: When right to elect arises: Malpractice of physician treating injury: Liability of employer.*

1. Under sub. 1, sec. 2394—25, Stats., the making of a lawful claim against the employer for compensation for an injury operates to assign to him any cause of action in tort which the employee may then have against any other person for such injury; but it does not assign a cause of action not then existing.

2. Sub. 1, 2, sec. 2394—25, Stats., contemplate an election to be made by the employee between the statutory remedy against his em-

ployer and the common-law remedy against a third person whose negligence caused or contributed to the injury; but the right to such election does not arise until, to the knowledge of the employee, who exercises ordinary diligence in respect thereto, such negligence of the third person intervenes.

3. When, therefore, the injury is aggravated by malpractice, of the physician treating it, the employee may, when he first learns of such malpractice, elect to hold the physician liable and release the employer, although he previously made a claim against the latter.

4. Sub. 1, sec. 2394—9, Stats., requiring the employer to furnish a physician and making him liable for the value of the physician's services for not to exceed ninety days, implies liability for any aggravation of the injury caused by the negligence of the physician treating the employee during that time. [Whether the employer would be liable for malpractice of the physician after the expiration of ninety days, is not decided.]

APPEAL from an order of the circuit court for Chippewa county: JAMES WICKHAM, Circuit Judge. *Reversed.*

Action to recover damages for malpractice. Plaintiff alleges that on the 5th day of March, 1914, while in the employ of the John S. Owen Lumber Company, a log rolled onto him and he sustained a fracture of the leg; that he employed the defendant to treat him for the injury, and that by reason of the negligence and lack of skill of the defendant in the treatment given him within a couple of weeks after the injury and subsequent thereto the leg was improperly set and treated, to the damage of plaintiff. The complaint further alleges that at the time of the injury both plaintiff and his employer, the John S. Owen Lumber Company, were under the provisions of the Workmen's Compensation Act, and that plaintiff made a claim against his employer under the act and received compensation and part of his medical expenses from March 5 to about August 20, 1914; that as soon as he discovered the negligence of the defendant he refused to accept any more compensation from his employer, and he offers to return the same or so much thereof as the court may adjudicate. The defendant entered a general demurrer to the

complaint, and from an order sustaining the same the plaintiff appealed.

*A. L. Smongeski,* for the appellant.

For the respondent there was a brief by *Robert R. Freeman,* and oral argument by *Timothy Brown.*

VINJE, J.   The circuit court sustained the demurrer to the complaint on the ground that when plaintiff filed a claim against his employer his cause of action for the injury received and the proximate results thereof was assigned to his employer by virtue of sub. 1 of sec. 2394—25, Stats., which reads as follows:

"The making of a lawful claim against an employer for compensation under sections 2394—3 to 2394—31, inclusive, for the injury or death of his employee shall operate as an assignment of any cause of action in tort which the employee or his personal representative may have against any other party for such injury or death; and such employer may enforce in his own name the liability of such other party."

It is quite evident from the reading of this subdivision that it contemplates the existence at the same time of two remedies, either of which the employee may pursue.   He may invoke the statutory remedy against his employer, or the common-law remedy against the third person who by his negligence caused or contributed to his injury.   *McGarvey v. Independent O. & G. Co.* 156 Wis. 580, 146 N. W. 895. It is equally obvious that these two remedies must co-exist in order to give the employee an election.   That the statute contemplated an election is made clear by sub. 2 of the same section, which provides that "The making of a claim by an employee against a third party for damages by reason of an accident covered by sections 2394—3 to 2394—31, inclusive, shall operate as a waiver of any claim for compensation against the employer."   Thus, while the statute gives the employee the option of pursuing either remedy it deprives

him of all rights under the one he does not pursue as soon as he makes his election, by assigning to the employer his cause of action against the third party if he proceeds against the employer, and by releasing the employer if he proceeds against the third party.

It does not appear that at the time plaintiff was injured there was any negligence by any third party or, indeed, by any one. This being so, plaintiff had no election to make when he filed his claim under the statute against his employer and no cause of action passed to the latter. The employee could proceed only against his employer. There was no one else liable so far as the complaint discloses. He could not at that time be required to make an election because the facts giving rise to an election were not then in existence, nor could they be reasonably anticipated because malpractice is the exception, not the rule. No duty or opportunity to elect could arise until the facts creating the liability of the third person came into existence. In this case they were not known to plaintiff until about August 20th, and there is nothing to show he was negligent in not sooner ascertaining them. As soon as they came to his notice he promptly elected to hold the third person whose alleged negligence aggravated his first injury, and thereby he waived further liability against his employer. Sub. 2, sec. 2394—25.

The making of a lawful claim against the employer *eo instanti* operates to assign to him any cause of action the employee may then have against a third party. *McGarvey v. Independent O. & G. Co.* 156 Wis. 580, 146 N. W. 895. But it does not assign a cause of action then not *in esse*. It merely acts upon what is in existence at the time the lawful claim is made. When the negligence of a third party, to the knowledge of the employee, who exercises ordinary diligence in respect thereto, intervenes, his right to an election arises, not before then. It was therefore competent for plaintiff, when he first learned of the negligence of the defendant, to

clect to hold him and release his employer or to hold his employer under the provisions of the Compensation Act. In a common-law action for negligence it has been held that the defendant is liable for the aggravation of the injury caused by the malpractice of the physician called by plaintiff to treat it where it is shown that he exercised ordinary care in the selection of the physician. *Selleck v. Janesville,* 100 Wis. 157, 75 N. W. 975. The Compensation Act requires the employer to furnish a physician and makes him liable for the value of the physician's services for not to exceed ninety days. Sub. 1, sec. 2394—9. This we think implies liability for any aggravation of the injury caused by the negligence of the physician treating the employee during such time. Whether the employer would be liable for malpractice after the expiration of ninety days is not decided. The negligent treatment here is alleged to have begun about two weeks after the accident.

*By the Court.*—Order reversed, and cause remanded with directions to overrule the demurrer and for further proceedings according to law.