LAKESIDE BRIDGE & STEEL COMPANY, Respondent, vs. PUGH, Appellant.

McNUTT, Respondent, vs. PUGH, Appellant.

*October 14—November 10, 1931.*

For the appellant there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *Carl Muskat*.

For the respondents there was a brief by *Olwell & Brady*, and oral argument by *W. F. Radke,* all of Milwaukee.

WICKHEM, J. Appellant contends : first, that the employer, Lakeside Bridge & Steel Company, has no cause of action for malpractice against the defendant; second, that the employee, Robert N. McNutt, has no cause of action; third, assuming contentions one and two to be rejected, that the causes of action are prematurely brought; and fourth, that this objection may be raised by demurrer.

Prior to 1917, sec. 2394—25, Stats. 1915 (sec. 102.29 (1) (a), Stats. 1929), provided that the making of a claim against an employer should operate as an assignment of any action in tort which the employee might have against any other person, and that the making of a claim by an employee against a third party for damages should operate as a waiver of any claim for compensation under the act. The present section, 102.29, sub. (4), was passed in 1917, and provided that "Nothing in sections 2394—3 to 2394—31, inclusive, shall prevent an employee from taking the compensation he may be entitled to under said sections and also maintaining a civil action against any physician or surgeon for malpractice. The measure of damages, if any be recovered in such action, shall be the amount of damages found by the jury less the compensation paid to the employee under said sections, due to such malpractice." The accident happened and the alleged

malpractice occurred prior to the 1929 amendment, and while the section was in force in this form.

Prior to the enactment of sec. 102.29, sub. (4), the case of *Pawlak v. Hayes,* 162 Wis. 503, 156 N. W. 464, was decided. This was an action to recover damages for malpractice. The complaint in that case disclosed that the original injury was one in the course of employment; was compensable, and that a claim had been made against his employer and compensation received. It was alleged that as soon as the plaintiff had discovered the negligence of the defendant he declined to receive any more compensation from his employer, and he offered to return so much of it as the court might adjudicate. A demurrer was sustained. Upon appeal this court reversed the order of the trial court. It was held that the provisions of sec. 2394—25 with respect to waiver and assignment did not apply to a situation such as this, since it did not appear at the time plaintiff was injured that there was any negligence by any third party, and hence plaintiff had no election at the time he accepted compensation. At that time he could only proceed against his employer. Since the plaintiff made his election to sue the doctor as soon as the facts creating the doctor's liability came into existence, it was held that there was no assignment of the cause of action to the employer, but that plaintiff, by bringing the action, did waive his right to compensation. The court stated that the employer would have been liable for any aggravation of damages caused by malpractice, at least if such aggravation occurred during the ninety days during which the employer was bound to furnish the services of a physician. Whether the employer would be liable for malpractice after the expiration of ninety days was expressly reserved. Sec. 102.29 (4) was evidently passed in response to this decision, and destroyed the effect of the case in so far as it held that a decision to sue for malpractice would operate as a waiver of right to compensation against the employer, and in so far as

it might be considered to hold that a decision to continue to accept compensation would operate to assign the cause of action for malpractice to the employer.

Appellant's contention that the employer is not liable for the aggravated damages caused by the malpractice of the physician and surgeon is contrary to virtually all the authorities of the country, to the spirit of the workmen's compensation act, and to the doctrines laid down in *Selleck v. Janesville,* 100 Wis. 157, 75 N. W. 975; *Pawlak v. Hayes,* 162 Wis. 503, 156 N. W. 464; *Fisher v. Milwaukee E. R. & L. Co.* 173 Wis. 57, 180 N. W. 269; 8 A. L. R. p. 506; 39 A. L. R. p. 1268.

In *Hooyman v. Reeve,* 168 Wis. 420, 170 N. W. 282, it was held that a release, executed and delivered to the employer by an injured employee in consideration of the payment of a certain sum, acknowledging full satisfaction "of all claims, accrued or to accrue, in respect of all injuries or injurious results, direct or indirect, arising or to arise from" the accident in question, covered and included a claim for injurious results alleged to have been caused by malpractice of a physician who was employed at the time of the injury to treat said employee. The court there said: "The injury caused by the malpractice would not have occurred but for the original injury and resulted because of such injury and was a proximate result thereof," citing *Selleck v. Janesville, supra,* and other cases.

All the expressions of our court have been consistent with the generally accepted rule that the malpractice is a mere enhancement of damages caused by the original tort; that the original tortfeasor is responsible for such enhanced damages; and further, that the employer under the workmen's compensation act is liable to pay compensation at least for the results of such malpractice as occurs within the ninety-day period. Since in this case the alleged malpractice was within this period, it is not necessary to decide whether the liability

extends any further than that. This being true, sec. 102.29 (1) (a), which gives to the employer an assignment of the causes of action of the employee against third persons, is a mere restatement of the principles of law and equity which in the past have obtained where one person has had cast upon him by operation of law a liability, in whole or in part, belonging to a third person. The provisions of sec. 102.29 do not create in the employee a cause of action for malpractice. He had such cause of action at common law, and this statute in no way affects his cause of action except to regulate the measure of damages. The section is a modification of the waiver section, and avoids the waiver and assignment provided for by sec. 102.29 (1) (a).

Since the statute in its present form leaves unimpaired the cause of action of the employee for malpractice, merely modifying the damages to be recovered, it follows that there is no statutory assignment of this cause of action, or even a portion of it, to the employer. It follows for the same reason that as to the cause of action for malpractice, the employer, if he has a cause of action, cannot be treated as subrogated to the rights of the employee. It is plainly not the statutory intent that the employee shall recover, even as trustee for the employer, the amount which he has paid as compensation for the results of the malpractice. It is also plainly the legislative intent that the employer who has paid compensation for injuries which have been caused or aggravated by the tortious acts of a third party shall have a remedy against such third party. The fact that the employee cannot recover the portion of his malpractice damages which he has already received in the form of compensation, and the evident intent of the legislature to make the third parties who have caused or aggravated the injury responsible to the employer, lead to the conclusion that the statute creates in the employer an original and independent cause of action for the compensation which he has paid by reason of the malpractice. To

hold otherwise would mean that neither the employer nor the employee could recover such sums as had theretofore been paid by reason of the malpractice, and this we believe to be contrary to the clear legislative purpose. It is our conclusion, therefore, that each of these complaints states a cause of action against the defendant.

It is suggested that the action is prematurely brought for the reason that there is no allegation that the Industrial Commission has made a finding separating the amount of compensation payable by reason of the original injury, from that payable by reason of the malpractice. We think this contention to be without merit. In the complaint of the employer it is alleged that the employer had been required to pay as compensation certain sums of money by reason of defendant's negligent treatment of the employee. The employee alleges all the facts necessary in a complaint for malpractice, and that he has a right to recover all sums in excess of the amount received under the compensation act as the result of such malpractice. The fact that the employer has been required to pay compensation by reason of the malpractice, and the amount which he has been required to pay on that account, are matters concerning which proof must be adduced at the trial. The ascertainment of both the fact and the amount of such payments presents judicial questions. The statute has created a cause of action in the employer for the amounts paid. It has specifically provided, in the case of the cause of action which existed at common law in favor of the employee for malpractice, that the measure of damages shall be the total damages for the malpractice less the compensation paid on that account. The legislature has committed to the courts the determination of all the facts essential to recovery in both causes of action, and the prior determination of the Industrial Commission as to the proper separation of damages between the original injury and the malpractice is not a condition precedent to the bringing of either cause

of action, although such a determination by the commission might well be treated as of great, if not conclusive, effect by the court. That there are some practical difficulties in properly disposing of the two causes of action which we hold to exist here, may well be conceded, but it is suggested that it is open to the defendant, under the provisions of secs. 260.19 and 260.20, Stats., upon being sued either by the employer or employee, to move that the other party be brought in, in order that the "closely related contentions may be disposed of in one action, even though in the strict sense there be two controversies."

*By the Court.*—The orders of the circuit court are affirmed.