CHESTER T. SMITH *v.* NATIONAL LIQUORS, INC.

[No. 2-473A85. Filed October 17, 1973.]

*Herbert W. Johnson, Jr.,* of Indianapolis, for appellant.

*James E. Dowling, Rocap, Rocap, Reese & Young,* of counsel, of Indianapolis, for appellee.

SHARP, J.—This is an appeal from a negative decision of the Full Industrial Board against the party having the burden of proof. It is elementary that all factual inferences are in-

dulged in favor of such decision and it will not be reversed here unless it is contrary to law.

While in the course of his employment as a truck driver with the Appellee, National Liquors, Inc., on June 7, 1968 the Appellant, Chester T. Smith, injured his right leg. He was off work because of said injury and was drawing temporary total disability benefits under the Workmen's Compensation Act and was receiving medical care paid for by the employer. He attempted unsuccessfully to go back to work in October or November 1969. Unsatisfied with the first doctor who treated him, the Appellant sought out a specialist, Dr. Throop, who treated him. Although Appellant selected Dr. Throop, the Appellee employer paid for his services. Dr. Throop performed surgery on Appellant for the injury sustained on June 7, 1968. There were a series of follow-up post-operative appointments, one on January 20, 1970. At that time Appellant was using crutches as a result of said injuries and operation. The weather was generally icy and snowy with accumulations on public streets and sidewalks, including the parking lot at the office of Dr. Throop. As Appellant got out of his truck at said parking lot on January 20, 1970, his crutches slipped on the ice and snow and flew away from him. He then felt a pain in his right arm and allegedly sustained an injury therefrom. Dr. Throop released Appellant on February 3, 1970 and during the week after January 20, 1970 he was off his crutches. This release was in regard to previous compensable injuries. On January 20, 1970 Appellant was not being paid any wages but was only drawing disability compensation.

This case commenced with the filing of a Form 9 application on May 14, 1970. The Hearing Member found in favor of the Appellant on November 1, 1972 which was reversed by the Full Industrial Board on March 16, 1973. (Two members of the Full Industrial Board dissent from its decision on March 16, 1973.)

We can certainly start from the premise that all subsequent injuries which occur during a period of compensable disability do not create a new valid claim under the Workmen's Compensation Act. We can also narrow that premise to include all subsequent injuries that are sustained while securing treatment for a compensable injury. To be more precise the Appellant has the burden to prove that the injury complained of arose out of and in the course of his employment and must also prove that the injury was casually connected with his employment.

The specific burden which the Appellant had in this case was well defined by Dean Ben F. Small as follows:

"The primary inquiry is directed toward the question of whether the accidental injury or death was the outgrowth of the employment, whether it was due to the employment, whether it was work-induced. Generally stated, the rule seems to be that an accident arises out of the employment when there is a causal connection between it and the performance of some service of the employment." Small, *Workmen's Compensation Law* of Indiana (1950) Section 6.1

\* \* \*

". . . a claimant must establish that but for his employment, the accident would not have occurred. He must further establish that his employment either constituted the direct and exclusive cause for the harm complained of, or that other intervening causes were not of sufficient force to supersede the employment as the moving cause."

\* \* \*

"If a working man falls victim to a harm which could have struck anyone else at random in the same vicinity at the same time, causation becomes a difficult question." ibid, Section 6.2

\* \* \*

"The workman, or his dependents, must first prove that there was some unexpected injury, strain, overexertion, or exposure brought on by the employment. If there is no evidence on this primary phase of causation, the claim must fail. In addition, the claimant must prove to the satisfaction of the Board that the disability or death for which compensation is sought was the proximate result of that

unexpected injury, strain, overexertion or exposure. He must prove that there was no intervening or superseding cause." ibid, Section 6.3

In *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N.E.2d 499, 507, the Appellate Court said:

". . . the causal connection is sufficiently established by the fact that the Industrial Board could reasonably have determined that the accident would not have occurred and the injury would not have been received if the employee had not been required, in performing the duties of his employment, to be traveling the particular street at the particular time, under the particular conditions and environment."

In order to prevail here the Appellant must demonstrate that the evidence leads solely and only to the conclusion that the Appellant was performing the duties of his employment at the time and place of his injury on January 20, 1970. We find as a matter of law the record here does not lead solely to such a conclusion. The Full Board was well within the record when it found:

"It is further found that on the 20th day of January, 1970, plaintiff was under the care of Dr. Frank B. Throop, an orthopedic surgeon, with respect to his injury of June 7, 1968.

"It is further found that on the 20th day of January, 1970, plaintiff was making a routine office call at the offices of Dr. Throop, at 1303 North Arlington Avenue, Indianapolis, Indiana, when the plaintiff slipped on ice in the parking lot and fell, injuring his right arm and right shoulder.

"It is further found that at the time of plaintiff's fall, he was using crutches, and unable to walk without crutches, due to his injury of June 7, 1968.

"It is further found that the slip and fall in the parking lot of Dr. Throop was not an accident related to his employment with the defendant.

"It is further found that as a result of said accidental injury of June 7, 1968, plaintiff has sustained a 20% permanent partial impairment to the right leg below the knee;"

The result here is also justified by the reasoning and result in *U.S. Steel Corp.* v. *Dykes* (1958), 238 Ind. 599, 154 N.E.2d

111; *Bettasso* v. *Snow-Hill Coal Corp.* (1963), 135 Ind. App. 396, 189 N.E.2d 833; and *Yarbrough* v. *Polar Ice Co.* (1948), 118 Ind. App. 321, 79 N.E.2d 422.

In short, the Full Industrial Board was not bound to find for the Appellant here and we are not bound to reverse that decision. We, therefore, affirm it.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 301 N.E.2d 783.