# JOAQUIM F. NAZARIO *v.* WASHINGTON ADVENTIST HOSPITAL, INC. ET. AL.

[No. 799, September Term, 1979.]

*Decided April 10, 1980.*

The cause was argued before MORTON, THOMPSON and MELVIN, JJ.

*Robert C. Heeney,* with whom were *Heeney, Armstrong & Heeney* on the brief, for appellant.

*Theodore B. Cornblatt* and *Philip Sturman,* with whom

were *S. Woods Bennett* and *Smith, Somerville & Case* on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

The issue presented by this appeal is to what extent an insurance carrier, who has paid Workmen's Compensation benefits, has a claim on proceeds from an employee's medical malpractice settlement which arose out of the same injury.

On May 25, 1972, Joaquim F. Nazario, the appellant, injured his eye in the course of his employment. He was treated for the injury at Washington Adventist Hospital by Dr. A. J. Martin; a few days later he lost his eye by enucleation at Holy Cross Hospital. Nazario filed a Workmen's Compensation claim in August, 1972 from which he received $25,605 to cover temporary total disability and permanent partial disability and $3,318.75 for medical expenses. These sums were paid by the insurer of his employer, the appellee, the American Casualty Company. Appellant brought an action for malpractice against Dr. Martin and the Washington Adventist Hospital. On August 3, 1977, judgments *nisi* were entered by consent of the parties in favor of appellant for Twenty-Five Thousand Dollars ($25,000) and jointly in favor of appellant and his wife for Twenty-Five Thousand Dollars ($25,000) for loss of consortium. In late July, 1977, the attorney for Washington Adventist Hospital called the American Casualty Company's claim office in order to ascertain the amount of its compensation claim. On September 1, 1977, American Casualty Company filed a motion to intervene in the proceeding. Thereafter, the hospital's insurer filed a bill of interpleader in the Circuit Court for Prince George's County and deposited $25,000 in the registry of the court. At the interpleader hearing, Nazario testified that he had received no notice from American Casualty that he would have to reimburse them, and that he would not have accepted the $50,000 settlement had he known that American Casualty Company would take part of it. He said that he settled his suit because of the uncertainty of what a jury might do in

this case. He admitted that his counsel in the malpractice case knew of his Workmen's Compensation claim but did not represent him for that claim. He also said that he had no idea that the insurance company might have an interest in his malpractice case. Neither Nazario nor his counsel had notified American Casualty of the malpractice proceedings. American Casualty Company made no attempt to exercise its right pursuant to Art. 101, § 58 [1] to sue the doctor or the hospital. The trial court, (Fisher, J.) found that American Casualty Company was entitled to recover $25,000, less attorney's fees, court costs, and expenses. The parties have agreed as to these expense items and also that American Casualty Company is entitled to no part of the $25,000 settlement for the loss of consortium.

The appellant argues here that the insurance company is estopped from claiming any part of the proceeds of his suit because it did not intervene in the action until the settlement was already effectuated, and it failed to notify the appellant of its claim. Appellant claims that the settlement demand would have been higher to include the carrier's claim if he had known of the claim. Equitable estoppel is applicable only where there is a duty imposed upon the party remaining silent to speak. *Mason v. Dulaney,* 144 Md. 108, 114, 124 A. 390 (1923). The statute imposes no duty on the insurance company to inform appellant that it would make

---

1. Article 101, § 58 of the Annotated Code of Maryland sets forth the guidlines for actions against third parties in Workmen's Compensation cases. This section provides in pertinent part:

"Where injury or death for which compensation is payable under this Article was caused under circumstances creating a legal liability in some person other than the employer ... the employee ... may proceed ... against that other person to recover damages or against the employer for compensation under this article, or in case of joint tort-feasors against both; and if compensation is claimed and awarded or paid under this article, any employer, ... may enforce for their benefit, ... the liability of such other person; provided, however, if damages are recovered in excess of the compensation ... such excess shall be paid to the injured employee .... If any such employer, insurance company ... shall not, within two months from the passage of the award of this Commission, start proceedings to enforce the liability of such other person, the injured employee, ... may enforce the liability of such other person, ... and the employer, insurance company, ... shall be reimbursed for the compensation already paid or awarded and any amount or amounts paid for medical or surgical services, ... or for any of the other purposes enumerated in § 36 of this article ...."

a claim and the company did not know of any lack of knowledge in the appellant as to its rights, thus the estoppel argument fails.

Appellant's second argument is that Art. 101, § 58 does not allow an insurance carrier to claim the malpractice proceeds. He argues that malpractice is an entirely separate and unrelated claim, and hence there is no right of subrogation. This question has not been decided in Maryland but it is universally held that a Workmen's Compensation award includes any aggravation of an injury which may have occurred through a physician's or hospital's negligence. *Larson, Workmen's Compensation Law* § 13.21 (1979). We see no reason Maryland should not follow the universal rule. Once it is determined that the aggravation caused by the physician and the hospital are compensable under the Workmen's Compensation Act, the result herein is obvious. In pertinent part, Art. 101, § 58 says: "Where . . . compensation is payable . . . under circumstances creating a legal liability in some person other than the employer . . . the employer [or] insurance company shall be reimbursed for the compensation already paid. . .", etc. We so hold.

The appellant has referred us to cases in other jurisdictions.[2] We, however, need not rely on them because our statute is susceptible of but one rational interpretation. Our holding is consisent with our holding in *Brocker Manufacturing and Supply Co. v. Mashburn,* 17 Md. App. 327, 301 A.2d 501 (1973) and with the language in *Flood v. Merchants Insurance Co.,* 230 Md. 373, 378, 187 A.2d 320 (1963).

*Decree affirmed.*
*Appellant to pay the costs.*

---

**2.** Schulz v. Standard Acc. Ins. Co. v. Detroit, 125 F. Supp. 411 (D. Wash. 1954); Industrial Commission v. Standard Ins. Co., 149 Colo. 587, 370 P.2d 156 (1962); Travelers Ins. Co. v. Georgia Power Co., 51 Ga. App. 579, 181 S.E. 111 (1935); Powell v. Galloway, 229 Ky. 37, 16 S.W.2d 489 (1929) and Lakeside Bridge & Steel Co. v. Pugh, 206 Wis. 62, 238 N.W. 872 (1932).