DAYTON et al. *v.* DAVIS

[No. 83, September Term, 1958.]

*Decided January 22, 1959.*

616

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*William H. Geppert* and *Hugh A. McMullen,* with whom were *Gunter & Geppert* on the brief, for appellants.

*Simon F. Reilly* and *Milton Gerson* for appellee.

BRUNE, C. J., delivered the opinion of the Court.

An employer, Dayton, and his insurance carrier, appeal from a judgment in favor of the claimant-appellee, Davis, entered in accordance with the findings of a jury, which affirmed an award under the Workmen's Compensation Act. The appellants' motions for a new trial and for judgment n.o.v. were denied by the trial court; and the only question presented on this appeal is whether or not there was legally sufficient evidence to support the jury's finding that the claimant had sustained an accidental injury on March 5, 1957.

The appellants make two contentions. The first is that without the claimant's own testimony, there is no evidence to support the finding, and that his testimony as to how the accident occurred should be rejected because of inconsistencies with prior statements made by him. Their second contention is that if his testimony as to how the injury occurred were accepted as true, the injury was not accidental within the meaning of our Workmen's Compensation Act.

On March 5, 1957, the claimant was employed by Dayton as an automobile body repairman at a shop in McCoole, Maryland. He testified that he was engaged that afternoon in one of his customary duties of carrying buckets of coal into the shop to fire the furnace; that upon reaching the rear door of the building, which opened inward, he set the buckets on the ground, and that as he shoved the door open and pro-

ceeded to step down approximately 18 inches to the floor of the shop, that the wind blew the door back in his face, that he threw his arm up to keep it from hitting him in the face and that he felt a catch in his back. The blowing shut of this door was not an uncommon occurrence when doors at the other end of the shop were open. The claimant testified that when the wind was blowing through, he usually held the back door open with one hand, but that he gave the matter no thought on this occasion.

Although the claimant said that his back continued to pain him somewhat that afternoon, he did not mention the door incident either to his fellow employees or to his employer; and he continued working until the end of the day. The pain made it difficult for him to sleep that night, but he reported for work the following day as usual. On the afternoon of that day (March 6th), as he bent over to lay a welding torch on the ground, he again felt a "catch" in his back, though this time the pain was more severe than that which had struck him the previous day. He ceased work for a few seconds until the pain subsided and then continued working. On the following morning he resumed work, but again felt severe pain in his back. As the pain continued, he reported it to his employer, and then went home to rest for a short while and later went to see a doctor. On March 8, 1957, he entered Martinsburg Veterans Hospital, where it was determined that he had suffered a ruptured disc.

In support of their contention that the claimant's testimony as to the incidents which he said took place on the morning of March 5, 1957, was clearly false and unworthy of belief, the appellants rely heavily upon the testimony of the employer, of two fellow employees, and of an insurance investigator, that claimant told each of them he had hurt his back laying down a welding torch on or about March 6, and that he made no mention of having hurt himself entering the shop the day before. They also rely upon a statement to the same effect, signed by the claimant six days before he filed his claim for compensation. This was introduced into evidence to impeach his testimony.

On the other hand, in his claim to the Commission and in

his testimony at the trial, claimant consistently has maintained that he hurt his back for the first time as he was carrying coal into the employer's shop on March 5th. Any variance was in statements prior to the offering of his testimony. This being so, the probative force of claimant's testimony was not destroyed as a matter of law; rather, the impeaching effect of the prior inconsistent statements was for the trier of the facts to weigh and determine. *Foble v. Knefely*, 176 Md. 474, 484, 6 A. 2d 48; *Bond v. Forthuber*, 198 Md. 476, 483-484, 84 A. 2d 886; *Baltimore Transit Co. v. Castranda*, 194 Md. 421, 433, 71 A. 2d 442; *Olney v. Carmichael*, 202 Md. 226, 231-232, 96 A. 2d 37.

Appellants contend that claimant was performing a routine duty in an ordinary manner on March 5th when he says he was injured. They point out that he admits that when the wind was blowing he usually propped the door or held it open with his hand, and that there was no evidence of any slip, jar, twist or fall.

The law in Maryland, as this Court has established it, is that an injury is "accidental" within the meaning of the statute (Code, 1957, Art. 101, Sec. 15) only when it results from some unusual strain or exertion or some unusual condition in the employment. *Eastern Shore Public Service Co. v. Young*, 218 Md. 338; *Rieger v. Wash. Sub. San. Comm.*, 211 Md. 214, 126 A. 2d 598; *Stancliff v. H. B. Davis Co.*, 208 Md. 191, 117 A. 2d 577; *Kelly-Springfield Tire Co. v. Daniels*, 199 Md. 156, 85 A. 2d 795.

In the case before us we think the jury properly could have found that the sudden force of the wind on the door and the claimant's instinctive reaction to its approach to him produced an accidental injury. It is no answer to say that claimant should have foreseen what was going to happen and guarded against it as he had on occasion in the past. There are very few unavoidable accidents; negligence produces most of them and an employee's non-wilful negligence—his lapse from care—does not keep an injury-producing occurrence from being an accident nor bar his right to compensation. The case is quite analogous to *Adams v. Board of Trustees*, 215 Md. 188, 137 A. 2d 151, a pension case in which the rules applicable in

compensation cases were applied. There, as a fireman carried one end of a stretcher upstairs, the heavy patient on it shifted her weight and caused an injury to the fireman's back, which this Court said was accidental. See also *Baltimore & Ohio R. R. Co. v. Zapf*, 192 Md. 403, 64 A. 2d 139.

We find no reversible error in the record.

*Judgment affirmed, with costs.*