**Waneta GAYLER, Appellant**
**(Plaintiff Below),**

v.

**NORTH AMERICAN VAN LINES,**
**Appellee (Defendant Below).**

**No. 93A02–9001–EX–38.**

Court of Appeals of Indiana,
Fourth District.

Feb. 7, 1991.

---

Grover B. Davis, McClure McClure & Kammen, Indianapolis, for appellant.

Carla J. Baird, Hunt Suedhoff Borror & Eilbacher, Fort Wayne, for appellee.

CHEZEM, Judge.

## Case Summary

Plaintiff/Appellant, Waneta Gayler (Employee), appeals the Full Worker's Compensation Board's (Board) decision that injuries to her did not "arise out of" her employment with Defendant/Appellee, North American Van Lines (Employer). We affirm.

## Issue

Whether the Board erred in finding that Employee's injuries did not arise out of her employment with Employer.

## Facts

On January 16, 1985, Employee, a semi-tractor trailer driver, was injured in an accident involving her semi, arising out of and in the course of her employment with Employer. There is no dispute that the injuries she received from this accident were compensable injuries within the parameters of the Indiana Worker's Compensation Act. Employee received benefits for medical expenses and temporary total disability for those injuries from her Employer.

In November, 1985, Employee was still undergoing treatment for her injuries. As part of her treatment, a Trans Cutaneus Nerve Stimulation (TENS) unit was prescribed by her physician. After some complications, the Employer authorized payment for the unit. On November 5, 1985, Employee was driving her personal vehicle to a medical supplier for the sole purpose of picking up the TENS unit. In route, Employee was involved in a head-on collision and was seriously injured. Employee filed her application for additional benefits with the Board in October, 1987.

The matter was submitted to a Board Hearing Judge who found that the second accident was caused by the negligence of a party other than the Employer and that this was an independent, intervening cause which broke the chain of causation between the two injuries. The Hearing Judge also found that because there was no causal connection with the employment, Employee's second subsequent injury did not "arise out of" her employment. Employee's application for further benefits was denied. Employee appealed to the Full Worker's Compensation Board who affirmed the decision of the Hearing Judge. This appeal followed.

## Discussion and Decision

We first note that on an appeal from a negative judgment, appellant must prove that the evidence was without conflict and subject only to one conclusion, opposite of that reached by the trial court. *Pepinsky v. Monroe County Council* (1984), Ind., 461 N.E.2d 128. A party ap-

peals from a negative judgment when he had the burden of proof at trial and judgment was entered against him. *Litzelswope v. Mitchell* (1983), Ind.App., 451 N.E.2d 366. The Board's determination carries great weight upon appeal. It has been asserted by this court:

> The fine line of whether an activity arises out of employment is a question of fact to be determined by the Industrial Board. The Court of Appeals is bound by the Board's factual determinations. We do not disturb the Board's finding unless the evidence is undisputed and leads inescapably to a contrary result.
>
> In order to reach a contrary conclusion, we may not disregard any reasonable inferences drawn by the Board from the facts that the evidence tends to prove. When reviewing the record, we are required to disregard all evidence which is unfavorable to the findings of the Board and consider only those facts and those reasonable inferences which support such findings. [Citations omitted.]

*Sears Roebuck & Co. v. Murphy* (1987), Ind.App., 508 N.E.2d 825, 829.

 Employee asserts the accident arose out of her employment because she was obtaining employer-authorized treatment at the time, and *but for* the first incident and Employer's approval of the treatment, she would not have been involved in the second accident. Ind.Code 22–3–2–2(a) states in its pertinent part:

> Every employer and every employee, ... shall comply with the provisions of IC 22–3–2 through 22–3–6 respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of employment, and shall be bound thereby.

Employee's assertion that the second accident "arose out of" her employment does not satisfy the burden imposed on appeal from a negative judgment. She argues, "an accident, not caused by the intentional or willful misconduct of claimant, is not an independent, intervening cause sufficient to break the causal connection between the employment and the second injury." We disagree. *Fields v. Cummins Emp. Fed. Credit Union* (1989), Ind.App., 540 N.E.2d 631, 635 states:.

> An accident arises out of employment when there exists some causal nexus between the injury complained of and the duties or services performed by the injured employee. A causal relation is established when the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the time of entering into it, or, when the facts show an incidental connection between the conditions under which the employee works and the injury. [Citations omitted].

We agree with the Board that the causal connection between the Employee's job and the injury was broken when the third party hit Employee. We will not disturb the Board's findings unless the evidence leads us to a contrary result. The evidence does not dictate such a conclusion here[1].

*Smith v. National Liquors* (1973), 158 Ind.App. 160, 301 N.E.2d 783, is similar to the present case and dispositive of Employee's assertions. In *Smith*, a truck driver fell in his physician's parking lot while going to receive treatment for injuries he had received in the course of his employment. The use of this physician as a part of Smith's treatment was approved by his employer. But for the injuries Smith sustained in his first work-related accident he would not have been seeking treatment. The Third District noted that not all subsequent injuries sustained while securing treatment for a compensable injury create a new valid claim under the Workman's Compensation Act. The court then concluded that Smith had not proved he was

1. We note that one of the Board members appropriately acknowledged in his opinion that the parties agreed the Employee had entered into a third party settlement regarding the second accident. Any such settlement may render the underlying issue moot. However, we do not consider this issue because it was never raised before the Hearing Judge and the Board denied Employer's motion to introduce new evidence regarding this settlement. That ruling is not challenged, and we will not consider any evidence regarding a third party settlement.

performing the duties of his employment at the time and place of his subsequent injury, and he did not satisfy the stringent burden on appeal from a negative judgment. Employee tries to distinguish *Smith* by stating:

> The Full Board merely found that the fall 'was not an accident related to his employment with the defendant.' *Smith, supra,* [301 N.E.2d] at 785. The Board in the instant case specifically found that Gayler's sole purpose for her trip was to obtain physician-ordered and employer-authorized medical treatment, that she had an obligation to do so, and herEmployer (sic) impliedly authorized the trip.

We see no distinction to be made. Smith's trip to the physician was to obtain the same level of employer-authorized treatment as was Employee's. Also in *Smith*, the court upheld the Board's determination that the accident was not incidental to employment even though no third party intervened and caused the accident.

The Board's finding that the second accident broke the causal chain between Employee and her employment is well-founded and has not been persuasively contravened by Employee. Although Employee cites numerous cases, each can be factually distinguished and none contravene the findings in *Smith, supra*. She has not met her burden of showing that the opposite conclusion should have been reached by the Board. A change of this magnitude of the existing law is solely within the ambit of the legislature.

Affirmed.

CONOVER and BAKER, JJ., concur.