641 A.2d 938

Dean A. HARRIS

v.

MACKIN & ASSOCIATES, et al.

No. 112, Sept. Term, 1994.

Court of Special Appeals of Maryland.

June 1, 1994.

John Noble (Alexander J. Crow and Noble and Crow, P.A., on the brief), Rockville, for appellant.

David O. Godwin, Jr. (Montedonico, Hamilton & Altman, P.C., on the brief), Frederick, for appellees.

Before WILNER, C.J., and GARRITY and ROSALYN B. BELL (retired, specially assigned), JJ.

WILNER, Chief Judge.

This is a workers' compensation case. It presents to us, for the first time, the question of whether injuries suffered while en route to medical treatment for a prior compensable injury are themselves compensable even if the earlier injury was not otherwise a factor contributing to the second injury.

On July 5, 1989, appellant sustained an accidental injury arising out of and in the course of his employment by appellee, for which he received workers' compensation benefits. On March 17, 1993, while entering a building to receive prescribed physical therapy for his compensable injury, appellant slipped and fell on ice on the building premises and injured his left wrist and shoulder. The Workers' Compensation Commission found that appellant's new injuries were not compensable; the Circuit Court for Montgomery County affirmed, granting summary judgment in favor of appellee. We shall reverse.

■ The standard for appellate review of a trial court's grant of a motion for summary judgment is whether the court was legally correct. *Heat & Power Corp. v. Air Prods. & Chems., Inc.*, 320 Md. 584, 578 A.2d 1202 (1990). Although this Court has previously addressed whether the negligent aggravation of injuries during treatment for compensable injuries is compensable, *Nazario v. Washington Adventist Hosp.*, 45 Md.App. 243, 412 A.2d 1271, *cert. denied*, 288 Md. 740 (1980), and whether a heart attack suffered by a former employee after testifying at a deposition in connection with a prior compensable injury is compensable, *Huffman v. Koppers Co.*, 94 Md.App. 180, 616 A.2d 451 (1992), *aff'd*, 330 Md. 296, 623 A.2d 1296 (1993), we have not previously addressed whether injuries suffered as a result of an accident in the course of a journey to or from a doctor's office occasioned by a compensable injury are compensable. *Cf. Huffman*, 94 Md.App. at 188–89, 616 A.2d 451 (distinguishing out-of-state cases finding compensable injuries suffered during travel to or from a medical examination as a result of a compensable injury).

Professor Larson, in his authoritative treatise on the law of Workers' Compensation, writes, "When an employee suffers additional injuries because of an accident in the course of a journey to a doctor's office occasioned by a compensable injury, the additional injuries are generally held compensable, although there is some *contra* authority." *Larson's Workmen's Compensation Law* § 13.13 (1993) [hereinafter *Larson's* ]. The rationale for this approach is that, because the employer has a statutory duty to provide medical care for the earlier compensable injury and the employee has a statutory duty to submit to and accept that care, the work-related injury effectively causes the journey. The trip, in effect, arises in the course of and out of the employment, rendering the accidental injury compensable. Larson calls this approach "quasi-course of employment," which subsumes those reasonable and necessary acts that are not strictly within the course of employment but that would not have been undertaken but for the compensable injury. Unintentional accidental injuries

arising during quasi-course activities, under Larson's approach, are compensable. *Larson's* § 13.11(d).

An examination of the cases discussed in *Larson's*, as well as further research, reveals that a majority of the States that have considered this question generally find injuries arising out of travel to or from medical treatment for prior compensable injuries to be compensable.[1] Some States that treat such injuries as compensable nevertheless deny recovery where other factors weaken the connection between the initial and the consequential injury.[2]

One State that until recently had adopted Larson's "quasi-course" analysis as a basis for granting recovery for these

---

1. *See Preway, Inc. v. Davis*, 22 Ark.App. 132, 736 S.W.2d 21 (1987); *Laines v. Workmen's Compensation Appeals Bd.*, 48 Cal.App.3d 872, 122 Cal.Rptr. 139 (1975); *Excel v. Industrial Claim Appeals Office*, 860 P.2d 1393 (Colo.Ct.App.1993); *Telcon, Inc. v. Williams*, 500 So.2d 266 (Fla.Dist.Ct.App.1986), *review denied*, 508 So.2d 15 (Fla.1987); *Taylor v. Centex Constr. Co.*, 191 Kan. 130, 379 P.2d 217 (1963); *Moreau v. Zayre Corp.*, 408 A.2d 1289 (Me.1979); *McElroy's Case*, 397 Mass. 743, 494 N.E.2d 1 (1986); *Fitzgibbons v. Clarke*, 205 Minn. 235, 285 N.W. 528 (1939); *Charles N. Clark Assocs., Ltd. v. Robinson*, 357 So.2d 924 (Miss.1978); *Font v. New York City Bd. of Educ.*, 170 A.D.2d 928, 566 N.Y.S.2d 754 (1991); *Immer & Co. v. Brosnahan*, 207 Va. 720, 152 S.E.2d 254 (1967); *accord Firestone Tire & Rubber Co. v. Crawford*, 177 Ga.App. 242, 339 S.E.2d 292 (1985) (relying on application of the "special errand" doctrine); *see also* Cheryl M. Bailey, Annotation, *Workers' Compensation: Compensability of Injuries Incurred Traveling to or from Medical Treatment of Earlier Compensable Injury*, 83 A.L.R.4th 110 (1991).

2. *See, e.g., Kodiak Oilfield Haulers v. Adams*, 777 P.2d 1145 (Alaska 1989) (finding compensable injuries suffered while traveling to or from treatment but denying recovery because of too large a deviation from the route); *Joplin v. Industrial Comm'n of Arizona*, 175 Ariz. 524, 858 P.2d 669 (1993) (same); *Street v. Douglas County Rd. Dep't*, 160 Ga.App. 559, 287 S.E.2d 586 (1982) (denying compensation for injuries arising out of travel to or from treatment because the travel did not qualify as a "special mission"), *appeal dismissed*, 165 Ga.App. 556, 302 S.E.2d 141 (1983); *Barton v. Las Cositas*, 102 N.M. 312, 694 P.2d 1377 (Ct.App.1984) (same), *cert. denied*, 102 N.M. 293, 694 P.2d 1358 (1985); *Pittsburgh Hyatt House v. Workmen's Compensation Appeals Bd.*, 62 Pa.Cmwlth. 556, 437 A.2d 461 (1981) (finding compensable injuries suffered while going to or at treatment but denying recovery to plaintiff who was mugged while returning from treatment).

injuries, *see Fenton v. State Accident Ins. Fund,* 87 Or.App. 78, 741 P.2d 517, *review denied,* 304 Or. 311, 744 P.2d 1295 (1987), has since revised its workers' compensation statutes to permit recovery for a second injury only if the first compensable injury was a major contributing cause of the second. *See Hicks v. Spectra Physics,* 117 Or.App. 293, 843 P.2d 1009 (1992).

A few States deny compensation for accidental injuries suffered while en route to or returning from medical treatment for prior compensable injuries.[3]

In this context, Larson also considers cases in which the second injury happened while the employee was in either an ambulance or an employer-provided vehicle serving a similar purpose being taken to treatment immediately after suffering the initial compensable injury. We regard these cases as relevant to our consideration of the issue but distinguishable on their facts. The courts of other States recognize that such injuries are compensable, particularly since the second injury is merely the end result of an unbroken chain of successive events originating in the employment and being started by the first injury; there is also virtually no element of employee choice or control over the transportation. *See Bettasso v. Snow–Hill Coal Corp.,* 135 Ind.App. 396, 189 N.E.2d 833 (1963); *Governair Corp. v. District Court of Oklahoma County,* 293 P.2d 918 (Okla.1956).

We are persuaded that the majority approach, generally favoring recovery, is the better one. Where an employee is

---

**3.** *See Kiger v. Idaho Corp.,* 85 Idaho 424, 380 P.2d 208 (1963) (viewing such injuries as not arising out of or in the course of employment; holding that auto accident causing second injury broke causal connection); *Smith v. National Liquors, Inc.,* 158 Ind.App. 160, 301 N.E.2d 783 (1973) (holding slip and fall in treating physician's parking lot not to be an accident related to employment); *Dean v. Chrysler Corp.,* 434 Mich. 655, 455 N.W.2d 699 (1990) (holding injuries suffered while en route to treating physician not compensable); *Farmers Gin Co. v. Cooper,* 147 Okla. 29, 294 P. 108 (1930) (same); *Bankers Inv. Co. v. Boyd,* 560 P.2d 958 (Okla.1977) (denying recovery because the injured person had not been an employee at the time of the second injury and there was no causal connection between the first and second injuries).

directed or authorized by his employer to seek medical attention for a compensable injury, each is fulfilling an obligation under the workers' compensation law and the employment contract. "To say that an additional injury, suffered by an employee while fulfilling such an obligation, is not also work-connected has little support in modern legal authority and even less in logic." *Immer & Co.*, 152 S.E.2d at 257. We thus hold that, where the visit is for treatment for a prior compensable injury, in fulfillment of the statutory obligation of the employer to provide or authorize such treatment, and the duty of the employee to submit to it, an accidental injury sustained in the course of travel to or from that treatment is also compensable. An injured employee need not show that the first injury otherwise contributed to the accident.

Finally, appellee argues that if the employee is negligent while traveling to or from medical treatment, such negligence will bar compensability by breaking the chain of causation. Appellee then asserts that, here, the claimant "knew or should have known the dangers of walking on ice. His own negligence or assumption of the risk of this injury [is] the cause of his injuries." Appellee's argument is without merit. "There are very few unavoidable accidents; negligence produces most of them and an employee's non-wilful negligence—his lapse from care—does not keep an injury-producing occurrence from being an accident nor bar his right to compensation." *Dayton v. Davis*, 218 Md. 614, 618, 147 A.2d 699 (1959); *see also* Md.Lab. & Empl.Code Ann. §§ 9–501, 9–506.

JUDGMENT REVERSED;

COSTS TO BE PAID BY APPELLEES.