**KEHR MID–WEST IRON,**
**Appellant–Defendant,**

v.

**Marc BORDNER, Appellee–Plaintiff.**

**No. 93A02–0501–EX–26.**

Court of Appeals of Indiana.

June 15, 2005.

John R. Gastineau, Eberhard & Gastineau, P.C., Fort Wayne, for Appellant.

Kevin L. Likes, Likes & Kraus, LLC, Fort Wayne, for Appellee.

## OPINION

MATHIAS, Judge.

Marc Bordner ("Bordner") was granted worker's compensation benefits by the Full Worker's Compensation Board ("Board"). Kehr Mid–West Iron ("Kehr") appeals, raising the following issue: Whether a claimant may receive worker's compensation benefits as a result of an injury caused by a mandatory evaluation of a prior work-related injury. Concluding the act leading to the injury (1) was required of Bordner, (2) arises out of Bordner's employment and claim for benefits, and (3) establishes a right to worker's compensation benefits, we affirm.

### Facts and Procedural History

On September 19, 2000, Bordner injured his right wrist and shoulder while working for Kehr. Bordner had surgery on his shoulder in the spring of 2001, was authorized to return to work without restriction on August 2, 2001, and continued to work for Kehr until September 6, 2001.

On November 15, 2001, Bordner went to Cameron Hospital for a mandatory functional evaluation relating to his September 19, 2000 injury. Pursuant to this evaluation, the therapist directed Bordner to pull on a chair. Bordner did as he was instructed and felt a pop in his lower back. This injury to Bordner's back required surgeries on March 27, 2002 and August 8, 2002.

Bordner filed for worker's compensation for his November 15, 2001 injury. A single Board member concluded Bordner was not entitled to worker's compensation benefits. Bordner appealed this finding to the Board, and the Board determined Bordner was entitled to worker's compensation benefits. Kehr now appeals.

### Discussion and Decision

An award by the Board is binding to all questions of fact, but either party may appeal for errors of law under the same conditions that govern ordinary appeals. *Metro. Sch. Dist. v. Carter,* 803 N.E.2d 695, 697 (Ind.Ct.App.2004) (citing Ind.Code § 22–3–4–8(b) (1991)). Our review is bound by the Board's findings, and we may not disturb the Board's determination unless the evidence is undisputed and leads undeniably to a contrary conclusion. *Id.* Our review may only consider the evidence, and the reasonable inferences therefrom, most favorable to the Board's decision. *Id.*

The Worker's Compensation Act provides for compensation of employees who are injured by an "accident arising out of and in the course of employment." *Milledge v. Oaks,* 784 N.E.2d 926, 929 (Ind. 2003). To receive worker's compensation benefits, a claimant must prove both elements. *Id.*

#### A. Arises out of employment

An injury "arises out of employment" when a causal nexus exists between the injury sustained and the duties or services performed by the employee. One basis to establish a causal nexus is to show that the injury resulted from a risk specific

to employment. *Global Constr. Inc., v. March,* 813 N.E.2d 1163, 1169 (Ind.2004). A risk incidental to employment is sufficient to bring a claim within worker's compensation. *Id.* The pivotal question is whether the person's employment increased the hazard that led to the injury.[1] Kehr contends Bordner's claim simply amounts to a "but for causation test," which was rejected by *Smith v. Nat'l Liquors, Inc.,* 158 Ind.App. 160, 301 N.E.2d 783 (1973), and *Gayler v. N. Am. Van Lines,* 566 N.E.2d 84, 86 (Ind.Ct.App. 1991).

In *Smith,* the claimant exited his truck for treatment when his crutches slipped on ice in the doctor's parking lot and received an injury unrelated to the injury for which he was receiving treatment. *Id.* This court affirmed the Board's decision to deny benefits because it concluded that the facts did not indisputably contradict the Board's conclusion that the claimant's injury did not arise from his employment. *Id.* at 786.

However, unlike *Smith,* there is a nexus between Bordner's second injury and his employment. In *Smith,* the claimant sought and chose the doctor from which to receive treatment and was able to choose the manner in which he exited his truck. 301 N.E.2d at 784. In the case at bar, Bordner had no discretion as to whether to attend his evaluation and was explicitly directed to perform the act that led to his injury. *See* Ind.Code § 22–3–3–6 (1991). Unlike the simple "but for" factual scenario of *Smith,* there is a nexus between Bordner's injury and his work responsibilities because the injury resulted from an act required by the employer and Bordner had no discretion in performing the act that led to his injury.

In *Gayler,* an employee was driving to pick up a prescription for a work-related injury. 566 N.E.2d at 85. While the employee was en route, she was in a head-on collision and seriously injured. *Id.* This court affirmed the Board's decision that the employee's injury was caused by the intervening negligence of a third party, which broke the chain of causation necessary for worker's compensation. *Id.* at 87. The case at bar is distinguishable from *Gayler.* First, Bordner's injuries involve no intervening third-party negligence. Second, Bordner—unlike the claimant in *Gayler*—is not appealing from a negative judgment.[2]

*Gayler* and *Smith* are distinguishable from the case at bar. Both cases stand for the proposition that an intervening act unrelated to the employment may preclude an employee's ability to claim worker's compensation benefits—ice in *Smith* and the driver of another vehicle in *Gayler.* Here, the doctor, who was for the purposes of the Worker's Compensation Act Kehr's agent, required Bordner to perform the act that led to his injury. This goes well beyond the broad "but for causation" addressed in *Gayler* and *Smith.*

**B.   *Course of employment***

The stronger the causal link between the injury and the employment, the weaker the showing is required to find an injury to have occurred in the course of employment. *Global Constr.,* 813 N.E.2d at 1168; *see also Constr. Management & Design, Inc. v. Vanderweele,* 660 N.E.2d

---

1. Although "arising from" and "in the course of" are usually discussed as independent factors, in practice, the two are not and should not be applied entirely independently. *Global Constr.,* 813 N.E.2d at 1168.

2. "The fine line of whether an activity arises out of employment is a question of fact to be determined by the ... Board." *Gayler,* 566 N.E.2d at 86.

1046, 1050 (Ind.Ct.App.1996), *trans. denied* (accidents happening in the performance of acts of a personal nature which are incidental to employment are regarded as in the course of employment).

Because Bordner's former employment and eligibility for worker's compensation benefits removed his discretion and placed him in a position where he was required to perform the act that led to his injury, his injury occurred in the course of employment. *See Global Constr.*, 813 N.E.2d at 1167–68 ("March was required by his employer to cross the picket line at the Foundry."); *see also Clemans v. Wishard Mem'l Hosp.*, 727 N.E.2d 1084, 1087 (Ind. Ct.App.2000), *trans. denied* (ordinarily an injury on a public street is not compensable, but the employment requirement of crossing the street made it compensable).

### Conclusion

Bordner's injury was sustained while performing a mandatory work-related performance evaluation and is compensable under the Worker's Compensation Act.

Affirmed.

CRONE, J., and DARDEN, J., concur.