This is an appeal from the trial court's determination of an employee's life expectancy in a workman's compensation case and the award of a lump sum attorney's fee accordingly.
The final judgment provided that Doil Haithcock (employee) suffered a permanent total impairment of 100% and was entitled to permanent and total disability benefits. The attorney for the employee was awarded a reasonable attorney's fee of 15%. On the attorney's motion, requesting that attorney's fees be awarded in lump sum, the trial court entered an order awarding the *Page 38 
employee's attorney a lump sum attorney's fee of 15% reduced to the present value in accordance with the provisions of Ex parteSt. Regis Corp., 535 So.2d 160 (Ala. 1988). Ezra Miller (employer) then filed an A.R.Civ.P., Rule 59, motion to amend or clarify the order. The trial court then entered its final order, clarifying its previous order by awarding the employee's attorney a lump sum fee in the amount of $30,814.73. The employer appeals.
The only issue before this court on appeal is whether the trial court, in determining the employee's life expectancy for calculation of a lump sum attorney fee, committed reversible error by relying solely on the mortality tables published pursuant to § 35-16-3, Code 1975.
The trial court allowed the employer to make an offer of proof, for purposes of appeal, that the employee had a lower life expectancy due to non-job related impairments than the life expectancy contained in the mortality tables. The trial court rejected the employer's argument that this evidence should be considered in lowering the employee's life expectancy, thereby, lowering the amount of the lump sum attorney fee. The trial court determined the employee's life expectancy based solely on the mortality tables.
We first note in these type matters that this court's holdings and decisions are governed by the decisions of the supreme court. § 12-3-16, Code 1975. Therefore, we hold that on authority of Ex parte St. Regis, the trial court's determination of the employee's life expectancy based solely on the mortality tables was not error. Whether the trial court after an evidentiary hearing may determine, for purposes of awarding lump-sum attorney fees, that an employee may have ashorter or longer life expectancy than that contained in the mortality tables may best be left to the sound discretion of the legislature.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.