Argued and submitted November 8, 1991, affirmed March 25, 1992

In the Matter of the Compensation of
the Beneficiaries of Linda S. Deacon, Deceased.

QUALITY PLASTICS
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

James M. HAMILTON,
and Corwin F. Bowen, III, Custodial Parent of
Corwin F. Bowen, IV, Brian S. Bowen and Shawn Bowen,
*Respondents.*

(88-12258 and 88-21455; CA A69730)

827 P2d 946

Jerry K. Brown, McMinnville, argued the cause and filed the brief for petitioners. With him on the brief was Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Nick Chaivoe, Portland, argued the cause for respondent Bowen. James S. Coon, Portland, argued the cause for respondent Hamilton. With them on the brief was Imperati, Barnett, Sherwood & Coon, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

■ The issue in this workers' compensation case is whether decedent's fatal car accident was a consequence of her earlier compensable injury. Both the referee and the Workers' Compensation Board held that it was, and we affirm.

Decedent was injured in the course of her employment. While still under a doctor's care for conditions resulting from that injury, she embarked on a trip that was to have included two personal errands and, then, an appointment with her treating physician. She left her home, two miles south of McMinnville, drove northeast for approximately 20 miles, stopped near Newberg to pick up her paycheck at employer's place of business, then drove several miles to Carlton, where she picked up a meat order for her family. At that point, she called one of her sons to inform him that she was on her way to the doctor's office and would be home after the appointment. She began traveling directly toward the doctor's office in McMinnville but was killed in a motor vehicle accident while she was *en route*.

It is undisputed that decedent's need to obtain medical treatment was a compensable consequence of her original injury. The only question is whether the two personal errands before driving to the doctor's office broke the link between her original and subsequent injuries to the extent that compensation should be denied.

■■ A subsequent injury is compensable if it is the direct and natural result of a compensable prior injury. *Firkus v. Alder Cr. Lbr.*, 48 Or App 251, 254, 617 P2d 620 (1980), *rev den* 290 Or 302 (1981); *see also Williams v. Gates, McDonald & Co.*, 300 Or 278, 709 P2d 712 (1985). Injuries that occur during a trip to a physician for treatment of a compensable injury are compensable. *Fenton v. SAIF*, 87 Or App 78, 83, 741 P2d 517, *rev den* 304 Or 311 (1987).

Substantial evidence supports the Board's finding that the personal segment of decedent's trip had ended and that "the basic purpose of the activity in which decedent was killed was to get to her doctor's office in time for an appointment to treat her compensable injury." The Board did not err in concluding that there was a sufficient relationship between

the original injury and the activity that gave rise to the subsequent injury to make the latter compensable.

Affirmed.