ROBERTSON, Presiding Judge.
This is a workmen’s compensation case.
On August 26, 1991, Brian Ray Stewart filed a complaint in the Madison County Circuit Court, seeking workmen’s compensation benefits for an injury that, he alleged, had arisen out of and in the course of his employment as an environmental technician with ATEC Associates, Inc. (ATEC), and that had resulted in his permanent and total disability. Specifically, Stewart alleged that his exposure to toxic gasoline fumes while working for ATEC had caused him to develop leukemia. In a separate claim pursuant to § 25 — 5—11(b), Ala.Code 1975, Stewart sought actual and punitive damages from co-employees alleging that willful conduct on their part had caused him to develop leukemia. The two claims were separated pursuant to Rule 42(b), Ala.R.Civ.P. For the history and outcome of the co-employee willful conduct claim see Grimes v. Stewart, 628 So.2d 467 (Ala.1993).
Following our supreme court’s opinion in Grimes, swpra, the workmen’s compensation claim went forward. The parties agreed to submit the claim to the trial judge on the record compiled in the jury trial on the co-employee willful conduct claim and on the deposition of Dr. Jeremy K. Hon, Stewart’s treating physician. On February 18, 1994, the trial judge entered a judgment in favor of ATEC and against Stewart on his claim for workmen’s compensation benefits, stating that “the Supreme Court for the State of Alabama said ... there is no causal connection between [Stewart’s] employment and his medical condition.”
Stewart appealed the February 18, 1994, judgment to this court. We reversed and remanded the cause for further proceedings because the trial court erred in holding that the “law of the case” arising from our supreme court’s decision in Grimes dictated a finding that Stewart was not entitled to workmen’s compensation benefits. Stewart v. ATEC Associates, Inc., 652 So.2d 270 (Ala.Civ.App.1994).
Upon remand, the trial judge entered a judgment on December 12,1994, finding that Stewart’s injury and condition occurred as a result of and during the course of his employment with ATEC, and that as a proximate result of that injury and condition, Stewart is totally and permanently disabled.
ATEC appeals raising the following issue: whether the trial court erred in concluding that Stewart proved medical causation for his leukemia. Although ATEC contends that legal causation was not established, they admit that medical causation is the principal issue involved in this case.
In Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991), our supreme court set out the standard for appellate review of factual determinations in a workmen’s compensation case:
“Initially, the reviewing court will look to see if there is any legal evidence to support the trial court’s findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court’s judgment.”
575 So.2d at 93. The second prong of this standard was further explained in Ex parte Veazey, 637 So.2d 1348 (Ala.1993):
*1298 “Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” •
637 So.2d at 1349.
It is the well-established precedent of our supreme court that “if the job caused the injury then the injury was an ‘accident’ within the intent of the [Workmen’s Compensation] Act.” Ex parte Harris, 590 So.2d 285, 286 (Ala.1991). In Ex parte Valdez, 636 So.2d 401 (Ala.1994), our supreme court clarified the standard for proving occupational causation in cases involving cancer:
“Recovery in this ease is dependent upon the [claimant’s] proof that the totality of [his] work environment ... contributed to cause his cancer..:.
[[Image here]]
“A hazard can be a contributing cause if it is one of multiple factors acting in concert to bring about the occupational disease .... ‘It is not necessary that the employment conditions be the sole cause, or dominant cause, so long as they are a contributing cause.’ ”
636 So.2d at 404-05 (quoting Arthur Larson, The Law of Workmen’s Compensation § 41.64(c) (1991)) (emphasis in original).
Our supreme court has recognized the authority of the trial court in determining medical causation to do so “on a case-by-case basis,” “drawing] any reasonable inference from the evidence, including conclusions of medical facts that are not within the peculiar knowledge of medical experts.” Ex parte Price, 555 So.2d 1060, 1062 (Ala.1989). Conflict in the evidence as to medical causation is an issue of fact to be resolved by the trial court, not by the appellate courts. See Ex parte Valdez, supra.
In this case, the trial court’s order states in pertinent part:
“The Plaintiff Brian Ray Stewart is 26 years of age, having been born on March 4, 1968. He was employed by the defendant ATEC Associates, Inc., from May of 1990 until July 5, 1991 earning an average weekly wage of $6.25 per hour as an environmental technician. During the course of his employment he was exposed and did come into direct contact with a certain hazardous chemical, specifically benzene, both in the form of vapors and direct skin exposure from petroleum contaminated soil. This exposure caused him to contract leukemia. According to the evidence, Mr. Stewart’s exposure to benzene was substantial. According to the trial testimony, Mr. Stewart ‘sniffed’ 829 petroleum samples, ... and spent 554 total hours exposed to petroleum products. He spent 92.5 hours excavating underground storage tanks, 1.75 hours on boring samples, 4.25 hours inspecting and moving tanks, 151.25 hours taking soil samples, 185 hours taking water samples, 40.75 hours remediating soil, 85 hours pumping pits from which underground storage tanks had been removed, 40.25 hours above ground near such pits, and 23.25 hours in these pits....
[[Image here]]
“Regarding the causation issue, this Court specifically accepts the testimony of environmental engineer Carey Paul Busbin and Dr. Elaine Panitz, a specialist in occupational and environmental medicine, as being credible and logical. This Court observed their testimony and demeanor in open court and carefully considered their qualifications, education, and experience before permitting them to offer their expert opinions. Each of them supported their testimony by reference to authoritative and trustworthy treatises and texts in their respective fields.”
Dr. Panitz, a physician specializing in occupational and environmental medicine, is board certified by the American Board of Internal Medicine and the American Board of Preventive Medicine in Occupational Disease. After interviewing and examining Stewart, and reviewing all of Stewart’s medical records, Dr. Panitz testified that Stewart’s exposure to benzene “was more than adequate to cause his leukemia.” She also testified that she could not find any other explanation for Stewart’s development of leukemia. In Dr. Panitz’s expert opinion, Stewart’s “leukemia/lymphoma was caused by his exposure to benzene in petroleum hydrocar *1299 bon products that he was exposed to working for ATEC.”
Dr. Panitz also testified about several studies which documented the effects of gasoline fumes on humans. Specifically, Dr. Panitz identified four studies which linked exposure to benzene and the development of leukemia. Dr. Edison Tak-Bun Liu, an oncologisVhe-matologist/epidemiologist hired by ATEC, admitted on cross-examination that the articles regarding the effects of exposure to benzene provided by Dr. Panitz were, across the board, considered as authoritative. Dr. Liu also admitted on cross-examination that he agreed with Dr. Panitz’s diagnosis of Stewart.
Additionally, Carey Paul Busbin, a registered professional engineer licensed in Alabama, Georgia, Florida, and Mississippi, also testified about the dangers of exposure to benzene. He testified about numerous articles by the U.S. Department of Health Education and Welfare and by the Occupational Safety and Health Administration, which addressed the dangers of exposure to benzene. Specifically, Busbin testified that in 1990, it was known in the underground storage tank removal business that exposure to benzene could cause cancer and leukemia.
Dr. Jeremy Hon, the oncologist treating Stewart, testified by deposition. When he was asked whether he had an opinion concerning whether Stewart’s disease was related to his work environment at ATEC, Dr. Hon responded:
“They surely have some temporal relationship that one can see that Brian was working in an environment, which I can’t comment further, was very unpleasant. I’m not expert in the industrial medicine, but something was there. And he had exposure, and some of the exposure which has the potential to cause cancer, and then this unfortunate gentleman developed this problem. So there is a temporal relationship there.... This is just raise a big question.”
When Dr. Hon was asked what it was that gave rise to the big question in his mind, Dr. Hon responded that Stewart was healthy until he worked in an environment where he was exposed to a heavy dose of toxic waste. Dr. Hon testified that he had specifically asked Stewart if he was exposed to benzene, because in patients diagnosed with leukemia lymphoma, benzene exposure is a “known causative agent.” Dr. Hon testified that “Benzene is known to cause acute leukemia. Its a well known fact. Its in the textbook everywhere.”
In order to prove medical causation, Stewart need only show that the “totality of his work environment” was “a contributing cause” of his leukemia. Valdez, supra. Conflicting evidence as to medical causation is resolved by the trial court. Id. In this case, the trial court specifically adopted the testimony of Dr. Panitz and Busbin as credible and authoritative. Dr. Panitz unequivocally testified that Stewart’s leukemia lymphoma was caused by his exposure to benzene at ATEC. Busbin also testified about the dangers of exposure to benzene. Lastly, Dr. Hon testified that benzene is known to cause acute leukemia. After a careful review of the record, it is clear that the evidence supports the trial court’s finding that Stewart’s exposure to benzene while working for ATEC was a contributing cause of his leukemia lymphoma.
ATEC also argues that “with regard to whether a ‘reasonable view” [of the evidence] supports the trial court’s findings of fact,” the trial court’s express finding in its judgment that Stewart’s life expectancy was 46.93 years was contrary to Stewart’s own expert’s testimony that he would probably live only five years. While the record reflects that the trial court only used that figure for purposes of computing the lump-sum attorney’s fee, ATEC argues that the figure was not supported by any reasonable view of the evidence.
This court has held that reliance upon the mortality tables published pursuant to § 35-16-3, Ala.Code 1975, for purposes of awarding lump-sum attorney fees, is not error. Miller v. Haithcock, 599 So.2d 37 (Ala.Civ.App.1992). Whether the trial court may determine that an employee may have a shorter or longer life expectancy than that contained in the mortality tables may best be left to the sound discretion of the legislature. Miller, *1300 su-pm. Therefore, we cannot hold that the trial court’s use of the life expectancy figure contained in the mortality tables for purposes of awarding a lump-sum attorney fee was error.
After a careful review of the voluminous record, we hold that there was abundant evidence to support the trial court’s finding of medical causation, and that a reasonable view of that evidence supports the trial court’s judgment.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN, YATES, MONROE, and CRAWLEY, JJ., concur.