PER CURIAM.
 

 Belcher-Robinson Foundry, LLC (“the employer”), petitioned this court to issue a writ of mandamus directed to the Talla-
 
 *775
 
 poosa Circuit Court in which the employer challenged the propriety of a decision of that court determining that an injury suffered by Robert Wayne Narr (“the employee”) on May 24, 2008, was compensa-ble under the Alabama Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala.Code 1975, and directing the employer to be responsible for the employee’s medical treatment and the payment of temporary-total-disability benefits. Treating the mandamus petition as an appeal seeking review of a final, appealable judgment, we reverse and remand.
 

 On June 25, 2008, the employee filed a complaint seeking workers’ compensation benefits. The employer answered and denied liability. The employee moved for a compensability determination on August 8, 2008, and the trial court initially denied that request. After the parties had engaged in discovery, the employee filed a motion seeking a determination that the employer was “responsible for [the employee’s] medical treatment and payment of temporary total disability benefits” and asking the trial court to reserve any determination as to loss of earning capacity until the employee had reached maximum medical improvement. The trial court held a hearing and, on June 24, 2009, made the following written determination:
 

 “This matter came before the Court for hearing on June 22, 2009, on [the employee’s] Renewed Motion for Com-pensability. After hearing and considering the argument of counsel, it is ordered as follows:
 

 “The Court finds that there is sufficient evidence that [the employee’s] accident did arise out of and in the course of his employment with the [employer]. Therefore, [the employer] is responsible for [the employee’s] medical treatment and payment of temporary total disability benefits.”
 

 The employer sought mandamus review, pursuant to Rule 21, Ala. R.App. P., within the time for taking an appeal from the trial court’s determination. In its petition, the employer asserted not only that the trial court had erred in failing to make findings of fact and conclusions of law as required by the Act, see Ala.Code 1975, § 25-5-88, but also that the trial court had erred in determining the employee’s injury to be compensable.
 

 Under
 
 Wix Corp. v. Davis,
 
 945 So.2d 1040, 1043 (Ala.Civ.App.2005), and
 
 Fluor Enterprises, Inc. v. Lawshe,
 
 16 So.3d 96, 99 (Ala.Civ.App.2009), a petition for an extraordinary writ that errantly challenges the correctness of a final, appealable judgment entered in a workers’ compensation action will nonetheless support this court’s review of the pertinent judgment by appeal. As we will explain herein, we conclude that the employer’s mandamus petition is, in fact, more properly treated as an appeal pursuant to Ala.Code 1975, § 12-22-2, which authorizes appeals from “final” judgments.
 

 In various contexts, this court has considered whether a particular trial-court decision adjudicating liability under the Act is or is not a “final judgment” within the scope of Ala.Code 1975, § 12-22-2. To be sure, a
 
 mere compensability determination
 
 that awards no relief, other than directing an employer to allow medical treatment, is not a “final judgment” that is subject to appellate review, but is instead reviewable by an appellate court only by a petition for a writ of mandamus.
 
 See SouthernCare, Inc. v. Cowart,
 
 [Ms. 2071117, July 31, 2009] — So.3d - (Ala.Civ.App.2009). However, as
 
 Fluor Enterprises
 
 indicates, the rule is now emerging that when a trial court goes further, and awards medical benefits and temporary-total-disability benefits in addition to determining compensability, the tri
 
 *776
 
 al court
 
 has
 
 rendered a final judgment that is susceptible to appellate review.
 
 See Fluor Enterprises,
 
 16 So.3d at 99;
 
 BE & K, Inc. v. Weaver,
 
 743 So.2d 476, 480 (Ala.Civ.App.1999); and
 
 Ex parte DCH Reg’l Med. Ctr.,
 
 571 So.2d 1162, 1164-65 (Ala.Civ.App.1990). Although
 
 Fluor Enterprises
 
 is in tension with certain other decisions of this court cited by the employee, such as
 
 SCI Alabama Funeral Services, Inc. v. Hester,
 
 984 So.2d 1207, 1209-10 (Ala.Civ.App.2007) (main opinion in which one judge concurred and four judges concurred in the result), we are persuaded to follow the reasoning of
 
 Fluor Enterprises,
 
 a more recent (and, we might add, unanimous) opinion of this court.
 

 The trial court’s June 24, 2009, ruling determined, albeit summarily, that the employee’s accident arose out of and in the course of his employment, that the employer was responsible for the employee’s medical treatment, and that the employer was responsible for payment of temporary-total-disability benefits. Moreover, it is undisputed that the employee has not reached maximum medical improvement so as to render ripe for decision the issue of the employee’s entitlement, if any, to permanent-disability benefits under the Act. Under
 
 Fluor Enterprises,
 
 a “judgment determining compensability and awarding both medical benefits and temporary-total-disability benefits [is] final for purposes of appeal,” 16 So.3d at 99, and we therefore reject the employee’s contention that the ruling under review is not a final judgment.
 

 Having concluded that an appeal, and not a mandamus petition, is the proper procedural vehicle by which to seek review of the trial court’s ruling, we next turn to the employer’s contention that the trial court erred in failing to make findings of fact or to state conclusions of law. The employer relies upon § 25-5-88, Ala. Code 1975, a portion of the Act, which provides:
 

 “[A worker’s compensation] action shall proceed in accordance with and shall be governed by the same rules and statutes as govern civil actions, except as otherwise provided in this article and Article 2 of this chapter, and except that all civil actions filed hereunder shall be preferred actions and shall be set down and tried as expeditiously as possible. At the hearing or any adjournment thereof the court shall hear such witnesses as may be presented by each party, and in a summary manner without a jury, unless one is demanded to try the issue of willful misconduct on the part of the employee, shall decide the controversy. This determination shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner as in civil actions tried in the said circuit court and
 
 shall contain a statement of the law and facts and conclusions as determined by said judge.”
 

 (Emphasis added.)
 

 As § 25-5-88 is currently interpreted, “any final judgment in a workers’ compensation case entered beyond the initial pleadings, including a summary judgment, must comply with that portion of § 25-5-88 requiring the trial court to state findings of fact and conclusions of law.” Alpine
 
 Assoc. Indus. Servs., Inc. v. Smitherman,
 
 897 So.2d 391, 394 (Ala.Civ.App.2004) (footnote and emphasis omitted). However, as the employer correctly notes, the trial court’s June 24, 2009, judgment contains
 
 no
 
 findings of fact or conclusions of law as to the compensability issue. Because the trial court has not substantially complied with § 25-5-88, we must reverse the trial court’s judgment and remand the cause for further proceedings.
 
 See, e.g., Massey Chevrolet, Inc. v. Aderhold,
 
 991
 
 *777-789
 
 So.2d 750, 751 (Ala.Civ.App.2008). On remand, any new judgment entered by the trial court, whether on only the medical-treatment and temporary-benefits issues addressed in its June 24, 2009, decision or on all the issues presented, should conform to the requirements of § 25-5-88.
 
 [1]
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . Because we reverse the trial court's judgment on the basis that it did not comply with § 25-5-88, we pretermit consideration of the parties’ arguments concerning the correctness of the trial court’s determination regarding causation.
 
 Compare Slimfold Mfg. Co. v. Martin,
 
 417 So.2d 199 (Ala.Civ.App.1981), and
 
 Wal-Mart Stores, Inc. v. Morgan,
 
 830 So.2d 741 (Ala.Civ.App.2002),
 
 with Ex parte Byrom,
 
 895 So.2d 942 (Ala.2004), and
 
 Brown v. Patton,
 
 [Ms. 2070810, April 17, 2009] - So.3d - (Ala.Civ.App.2009).