**LEESBURG YARN MILLS, INC.**

v.

**Thomas HOOD.**

2140888.

Court of Civil Appeals of Alabama.

April 29, 2016.

Richard E. Crum and Kelly W. Harmon of Shealy, Crum & Pike, P.C., Dothan, for appellant.

Donald R. Rhea of Rhea, Boyd & Rhea, Gadsden, for appellee.

DONALDSON, Judge.

Leesburg Yarn Mills, Inc. ("Leesburg"), appeals the judgment of the Cherokee Circuit Court ("the trial court") determining that Thomas Hood has suffered a compensable injury under the Alabama Workers' Compensation Act, § 25–5–1 et seq., Ala. Code 1975 ("the Act"), and awarding medical benefits and compensation benefits to Hood. We affirm.

Before filing a claim for workers' compensation benefits, Hood had been employed by Leesburg for approximately 23 years. Hood continued his employment throughout the trial-court proceedings.

In 2009, Hood sought medical treatment for hand pain from Leesburg's workers' compensation physician. Hood was diagnosed with stenosing tenosynovitis, also known as "trigger finger," but was informed that his injury was not work related. In May 2013, Hood sought medical treatment from a private orthopedic surgeon, Dr. Glenn Wilson, for his worsening hand pain. Dr. Wilson diagnosed Hood with stenosing tenosynovitis or "trigger finger" affecting three fingers on his left hand and one on his right hand. Dr. Wilson initially treated Hood with steroids, but when that treatment was unsuccessful, Dr. Wilson performed surgery to release Hood's locked tendons in his three fingers on his left hand. Hood was not experiencing pain in his right hand at that time. Hood was off work in recovery for approximately two months and was released to return to regular duty in October 2013.

On December 16, 2013, Hood filed a complaint in the trial court against Leesburg seeking workers' compensation benefits under the Act. On January 20, 2014, Leesburg filed its answer and asserted various affirmative defenses. On April 24, 2014, Hood filed a motion to set the case for a "compensability" hearing. On September 22, 2014, the trial court held a hearing at which Hood testified. On December 23, 2014, Hood filed post-hearing exhibits, including the deposition of Dr. Howard Miller, an orthopedic physician, and the official transcript of Hood's in-court testimony. That same day, Hood filed a post-hearing brief. Also on December 23, 2014, Leesburg filed a post-hearing brief with exhibits.

On March 4, 2015, the trial court entered a judgment, which it titled "Interim Findings of Fact, Conclusions of Law and Interim Judgment." In that judgment, the trial court determined that Hood had a compensable injury and that Leesburg was responsible to Hood for workers' compensation benefits. The trial court retained jurisdiction for the purpose of determining the amount of potential permanent benefits to which Hood could be entitled. On March 25, 2015, Leesburg filed a "motion to alter, amend or vacate judgment, or in the alternative, for new trial." On June 19, 2015, the trial court entered an order denying Leesburg's postjudgment motion, but it amended its judgment to include additional language regarding the finding that Hood had established a compensable claim for benefits under the Act. On July 28, 2015, Leesburg filed its notice of appeal.

We note first that, although the trial court's judgment is styled an "interim" order, the judgment determined that Hood had suffered a compensable injury and awarded medical benefits and temporary compensation benefits to Hood, leaving only the issue of compensation for any permanent disability for later proceedings. We have held the same or similar types of orders to be final and appealable. *Flexicrew Staffing, Inc. v. Champion,* 169 So.3d 1048 (Ala.Civ.App.2014); *Belcher–Robin-*

*son Foundry, LLC v. Narr*, 42 So.3d 774 (Ala.Civ.App.2010); *Fluor Enters., Inc. v. Lawshe*, 16 So.3d 96 (Ala.Civ.App.2009); *Wix Corp. v. Davis*, 945 So.2d 1040 (Ala. Civ.App.2005); *BE & K, Inc. v. Weaver*, 743 So.2d 476 (Ala.Civ.App.1999); and *Ex parte DCH Reg'l Med. Ctr.*, 571 So.2d 1162 (Ala.Civ.App.1990). Because the judgment was final and appealable, the motion filed by Leesburg after the entry of the judgment seeking to alter, amend, or vacate the judgment extended the time to file an appeal pursuant to Rule 59.1, Ala. R. Civ. P. See *Ex parte Troutman Sanders, LLP*, 866 So.2d 547, 549–50 (Ala.2003)(Rule 59 applies only to final judgments from which an appeal may be taken).

■ The standard of appellate review in workers' compensation cases is found in § 25-5-81(e), Ala.Code 1975, which provides:

"(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.

"(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence."

"Furthermore, in cases involving gradual deterioration or cumulative stress, the employee must establish both legal and medical causation by clear and convincing evidence...." *Safeco Ins. Cos. v. Blackmon*, 851 So.2d 532, 537 (Ala.Civ.App.2002); see also *Ex parte McInish*, 47 So.3d 767, 778 (Ala.2008)(explaining standard of review of factual determinations required to be based on clear and convincing evidence).

In its judgment, the trial court made specific findings of fact and conclusions of law. The trial court found:

"Upon an application of the law to the facts in this case, the court finds by clear and convincing legal and medical evidence that [Hood's] injury suffered to his hands and his need for surgery were the result of cumulative trauma contributed to by the performance of his duties as an employee of [Leesburg]."

In its order denying Leesburg's post-judgment motion, the trial court amended the judgment to include the following language:

"The court finds by clear and convincing evidence that [Hood's] manual labor involving repetitive motion as a routine part of his job over an extended period of time exposed him to a danger of injury materially in excess of the baseline risk to which persons are exposed in everyday life."

■ Leesburg argues that Hood did not present substantial evidence of legal and medical causation to satisfy the clear and convincing burden of proof for his claim that he suffered a cumulative-trauma injury. Under the Act, an "injury" is defined as follows:

" 'Injury and personal injury' shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except for an occupational disease or where it results naturally and unavoidably from the accident. Injury shall include physical injury caused either by carpal tunnel syndrome disorder or by other cumulative trauma disorder if either disorder arises out of and in the course of the employment...."

§ 25-5-1(9), Ala.Code 1975. It is undisputed that Hood's injury falls under the category of "cumulative trauma disorder"; the question is whether the injury arose out of and in the course of Hood's employment with Leesburg.

"[I]n order to establish causation in a workers' compensation case where the injury is nonaccidental, meaning that the

injury was not caused by a sudden and unexpected external event, a claimant must satisfy a two-part causation test by producing substantial evidence establishing both (a) legal causation and (b) medical causation. See *City of Tuscaloosa v. Howard*, 318 So.2d 729 (Ala.Civ.App. 1975); and *Ex parte Moncrief*, 627 So.2d 385, 388 (Ala.1993) (citing *Hammons v. Roses Stores, Inc.*, 547 So.2d 883 (Ala.Civ.App.1989))."

*Ex parte Trinity Indus., Inc.*, 680 So.2d 262, 269 (Ala.1996).

"[T]o establish 'legal causation,' one seeking redress under the Workers' Compensation Act for 'nonaccidental' injuries need only establish that the performance of his or her duties as an employee exposed him or her to a danger or risk materially in excess of that to which people are normally exposed in their everyday lives."

*Id.* at 267. After establishing legal causation, a claimant must establish medical causation by producing "substantial evidence tending to show that the exposure to risk or danger ... 'was in fact [a] contributing cause of the injury' for which benefits are sought. [*Tuscaloosa v.*] *Howard*, 318 So.2d [729,] 732 [ (Ala.Civ.App.1975) ]." *Id.* at 269.

Hood testified that, as part of his job duties, he was required to perform repetitive pinching and grasping motions with his hands multiple times each day. Hood testified that he is responsible for operating 24 "carding" machines and for transporting cans of cotton between various stations in the Leesburg plant. Each full can weighs 306 pounds and is affixed with wheels. Hood testified that the wheels on some of the cans were in poor condition, which made it more difficult to push the cans. Hood testified that he moves an empty or a full can approximately every three minutes from one area of the plant to another and that he usually moves between three and four cans at a time. Hood testified that he works 12-hour shifts, alternating between 3 and 4 days each week. Hood testified that he believed that moving the heavy cans multiple times each day caused his injuries. Hood testified that, although the surgery was successful in resolving his problems with his fingers "locking up" and he was released from Dr. Wilson's care in October 2013, he still suffers from trigger finger on his right hand and that he has begun experiencing numbness in his elbows. In its judgment, the trial court noted: "The court finds the testimony of [Hood] especially creditable."

Dr. Wilson testified that Hood had trigger finger affecting three fingers on his left hand. Dr. Wilson initially treated Hood in May 2013 with steroids, but, when that treatment was unsuccessful, he performed surgery to release Hood's locked tendons in his left hand. Dr. Wilson testified that Hood's injury occurred over time and from use. Dr. Wilson further testified that, based on the job description that Hood had provided him, he believed that the repetitive nature of Hood's job duties could cause Hood's trigger-finger injury.

At the request of Leesburg, Dr. Howard Miller, an orthopedic surgeon, reviewed Hood's medical records, job description, and a video of someone performing Hood's job duties. Dr. Miller testified that Hood's injury is a type of condition that can be brought about as a result of overuse. As noted in the trial court's findings of fact, "[Dr. Miller] stated that he did not think that the type of work activities performed by [Hood] would lend [themselves] to the development of [Hood's] hand condition, but acknowledged that repetitive gripping can cause or contribute to the onset of trigger finger...." Dr. Miller also

testified that he did not know the weight of the cans Hood moved in his job, did not know how often or how far Hood moved the cans between locations in the plant, and did not know how many hours Hood worked in a day. When Dr. Miller was asked whether he disagreed with a statement contained in a Mayo Clinic publication that "repetitive pressure in the extremities and the hands can certainly cause or otherwise contribute to the onset of trigger finger or stenosing tenosynovitis," Dr. Miller stated: "I do not disagree with that." Dr. Miller also drafted a letter in which he stated that, although he believed that Hood's condition was age-related, he could not "say that [Hood's job] activities may not have contributed to his situation." Based on that testimony and after applying the applicable standard of review, the record would support a determination by the trial court that Hood's injury arose out of and in the course of his employment with Leesburg.

■ Leesburg also argues that the trial court inappropriately selected to believe only certain aspects of the testimony that was favorable to Hood. It is well established that factual and credibility determinations are for the trier of fact.

> "Not only might the trial court choose, in an appropriate case, to give greater weight to contrary medical evidence (e.g., the testimony of one or more physicians who opine that the employee's injury did arise out of his work), it also might, in an appropriate case, give weight to the lay testimony presented, including that of the employee himself. As this court stated in *Goodyear Tire & Rubber Company v. Snell*, 821 So.2d 992, 997 (Ala.Civ.App.2001):
>
>> " 'The trial court may find medical causation without testimony from

medical doctors. *Ex parte Price*, 555 So.2d 1060 (Ala.1989). The totality of the evidence, including both lay and expert testimony, may satisfy a showing of medical causation. *U.S. Steel, A Div. of USX Corp. v. Nelson*, 634 So.2d 134 (Ala.Civ.App.1993). Further, it is well settled that a conflict in the evidence as to medical causation in a workers' compensation case presents an issue of fact to be determined by the trial court, and not by the appellate courts of this state. *ATEC Assocs., Inc. v. Stewart*, 674 So.2d 1296 (Ala.Civ.App.1995).' "

*International Paper Co. v. Melton*, 866 So.2d 1158, 1167 (Ala.Civ.App.2003). A physician's testimony that an injury "could have been" or "probably was" related to work, when coupled with lay testimony and other evidence, may be sufficient to clearly convince a trial court of medical causation. *Id.* Furthermore, in workers' compensation appeals involving cumulative-stress injuries,

> "[t]he trial court's judgment is to be affirmed if the trial court was presented with evidence of such weight and quality that fair-minded persons, in the exercise of impartial judgment, reasonably could reach a firm conviction as to each essential element of the claim and infer a high probability as to the correctness of the conclusion."

*DeShazo Crane Co. v. Harris*, 57 So.3d 105, 108 (Ala.Civ.App.2009).

■ Hood presented clear and convincing evidence that his duties exposed him to a danger of incurring trigger finger that was greater than the risk of incurring such an injury experienced by persons in their everyday lives and that Hood's job duties were in fact a contributing cause of his

injury. Based on the evidence presented, the trial court reasonably could have been clearly convinced that Hood's cumulative trauma in his employment legally and medically caused the injury. *City of Gadsden v. Scott,* 61 So.3d 296, 302 (Ala.Civ. App.2010).

For the foregoing reasons, the trial court's judgment is affirmed.

AFFIRMED.

THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.